UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **11-60116-CR-HURLEY(s)(s)**

UNITED STATES OF AMERICA

vs.

**VAN LAWSON WILLIAMS,**

    **Defendant.**
_____/

## GOVERNMENT'S MOTION FOR ORDER OF RESTITUTION

COMES NOW, the government, by and through the undersigned counsel, hereby moves this Honorable Court to impose an order of restitution holding the defendant, Van Lawson Williams, liable for the entire amount of the victim's loss as calculated herein. This matter is scheduled for a restitution hearing on March 7, 2013.

### I.   Relevant Facts

On October 30, 2012, the defendant was found guilty after trial of four counts of sex trafficking of a minor and one count of attempted sex trafficking of a minor , in violation of Title 18, United States Code, Section 1591(a)(1), (b)(2) and 1594. At trial, four minor victims testified that they that worked as prostitutes in the defendant's home in 2011 and 2012. Specifically, the evidence at trial established the following:

    a.    **Victim G.D.**

In or around August 2011, defendant met G.D. on the street in the Royal Palm section of Ft. Lauderdale (*See* PSI ¶4). That evening, defendant and G.D. engaged in sexual intercourse

1

inside his home (*Id.*).  Afterwards, defendant invited G.D. to live at his residence because he needed someone to "ride or die" with him (*See* PSI ¶5).  G.D. agreed and lived with defendant for the next several months (*Id.*).  During that time, G.D. engaged in prostitution activities with five of her own customers and over 20 customers supplied by the defendant (*Id.*).  G.D. had prostitution dates with some of the customers on multiple occasions.  Each date lasted up to one hour.  Defendant charged the customers $20 to $30 for use of a bedroom in his home and $50 to $100 for the prostitution date.

        **b.**     **Victim R.T.**

Sometime around October 2011, defendant met R.T. at night club in Ft. Lauderdale (*See* PSI ¶6).  That evening, defendant and R.T. engaged in sexual intercourse inside his home (*Id.*).  Afterwards, defendant allowed R.T. to live in his home (*Id.*).  While living there, R.T. engaged in prostitution activities with two customers (*See* PSI ¶6).  One of the customers was a man R.T. knew before she met the defendant (*Id.*).  That customer came to the defendant's home and engaged in prostitution activities approximately three to four times per week for about five months (*Id.*).  The other customer was a man the defendant obtained for her.  R.T. provided prostitution services to him only twice (*Id.*).  Each prostitution date lasted up to one hour.  The defendant charged the customers $20 for use of a bedroom inside his home (*Id.*).  He then charged the customer $75 to 100 for the prostitution date (*Id.*).

        **c.**     **Victim S.K.**

In March 2011, Williams rented a bedroom inside his home to S.K. and her pimp, Deangelo Jones (*See* PSI ¶12).  While there, S.K. posted advertisements online for prostitution services (*Id.*).  She testified at trial that she had approximately five prostitution dates while living

in the defendant's residence. However, she admitted that she kept all the money she earned from her prostitution dates.

### d. Victim J.J.

Sometime after April 17, 2012, the defendant met J.J. at his home. Defendant invited J.J. to stay with him at his home. She agreed. While staying at the defendant's home, J.J. had one prostitution date. J.J. testified at trial that the customer paid $50 for the date. J.J. kept half the money and gave the other half to the defendant.

## II.   Legal Standard

18 U.S.C. § Section 1593 provides that the court "*shall* order restitution for any offense under this chapter." The restitution order "shall direct the defendant to pay the victim ... the full amount of the victim's losses," and those losses are defined to include the *greater* of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.). 18 U.S.C. § 1593(b)(1),(3). Section 1593(b)(3) defines the victim's losses as the greater of the value rendered to the defendant or the value of the victim's labor.

Here, the victims' losses are substantial when measured by the gross income or value to the defendant of their services. By having the victims work as prostitutes, the defendant generated significant ill-gotten profits for himself, while simultaneously depriving the victim of the value of using her own labor in lawful, gainful employment. Both loss calculations are analyzed below.

### A. Unjust Enrichment Analysis

G.D. testified that she engaged in prostitution activities with five of her own customers and over 20 customers supplied by the defendant. She also testified that she had prostitution dates with some customers on multiple occasions. Taking her lowest estimations, she serviced a total of at least 25 customers. G.D. further testified that defendant charged the customers $20 for use of the bedroom and $50 to $100 per date. Based on this testimony, G.D. generated a total unjust enrichment amount of $1,750 (25 customers times $50 per date plus $20 each date for the use of the room).

R.T. testified that she engaged in prostitution activities with one of her previous customers approximately three to four times per week for about five months. She also testified that she serviced a second customer that defendant obtained for her on two occasions. In each case, defendant charged the customers $20 for use of the room and $75 to $100 for the date. Again, taking the lowest estimates, she engaged in a total of 62 prostitution dates at $95 per date for a total unjust enrichment amount of $5,890.

S.K. testified that she kept all the money she earned from her prostitution dates. Therefore, defendant was not unjustly enriched by her prostitution activities.

Finally, J.J. testified that she had one prostitution date for which defendant charged the customer $20 for the room and $50 for the date. J.J. testified that after the date, she gave half of the $50 to the defendant. Thus, the defendant was unjustly enriched a total of $45.

Therefore, even by the most modest estimates, the defendant was unjustly enriched a total of $7,685 from his criminal activity.

### B.  Fair Labor Standards Analysis: Victims' Lost Earning Opportunities

Section 1593(b)(3) calls for restitution in the amount of "the value of the victim's labor" under the FLSA, 29 U.S.C. § 201 et seq., if that amount is greater than the value the defendant derived from the victim.  The computation of the victims' labor under the FLSA is significantly less than the above-computer unjust enrichment amount.  Again, assuming the victims' low estimates, they serviced a total of 88 customers during the time period they were living at the defendant's home.  Under the FLSA, as adopted in Florida, the minimum wage during that time period $7.25 per hour.  See N.J.S.A. § 34:11-56(a)(4) (incorporating 29 U.S.C. § 206(a)(1)).  Thus, the value of the labor opportunity which the defendant denied the victims equals $638.  This represents the amount of the money the victims could have earned had they worked at a minimum wage paying job for the total number of hours that they were likely engaged in prostitution activities at the defendant's home.

### C.  The Greater Value

Section 1593(b)(3) requires a court to order restitution equal to the "greater of" the value rendered to the defendant or the FLSA-based value.  As set forth above, the $7,685 in unlawful gains the defendant derived from prostituting the victim far exceeds the $638 the victims could have earned at minimum wage.  Accordingly, the Government believes that the proper measure of the victims' loss is $7,685.

The undersigned attorney for the United States has communicated with Howard Greitzer, Esquire, counsel for the defendant.  Attorney Greitzer has stated that although defendant Van Williams he does not oppose an entry of an order of restitution for the amount requested herein, defendant does not stipulate or agree with any of the facts set forth in the United States' Motion

for Order of Restitution.

## Conclusion

The United States respectfully requests that the Court enter an order of restitution holding the defendant liable for the entire amount of restitution for the victims' loss in accordance with the calculations set forth above.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/ Mark Dispoto
Mark Dispoto
District Court ID A5501143
Assistant United States Attorney
500 East Broward Boulevard
Ft. Lauderdale, Florida 33394
Tel: (954) 660-5786
Fax: (954) 356-7230
mark.dispoto@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a copy of the foregoing was filed via CM/ECF on January 23, 2013.

        s/ Mark Dispoto
        Mark Dispoto
        Assistant United States Attorney